# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL JAMES MARK SINCLAIR,  :
     *Plaintiff,*  :
       :
  v.  :    CIVIL ACTION NO. 24-CV-4417
       :
MICHAEL JAMES MARK SINCLAIR,  :
UNITED STATES, *et al.,*  :
     *Defendants.*  :

## <u>MEMORANDUM</u>

**Pappert, J.**          **January 8, 2025**

     Michael James Mark Sinclair filed a complaint pursuant to 42 U.S.C. § 1983, claiming to have been subjected to unconstitutional conviction and imprisonment.[1]  He seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Sinclair leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

---

[1] Sinclair identifies as a "dual United States National and Moorish American National" and attached several handwritten pages to his Complaint claiming that he was "not under or was ever under the Personal Jurisdiction of Delaware County Court of Common Pleas nor any other Foreign court outside this district."  (*See* ECF No. 1-1 at 7.)  The numerous pages of exhibits contain sovereign citizen verbiage, spurious legal papers, and generally repeat allegations asserted in the form complaint.  (*Id.* at 2-41.)

I[2]

On February 2, 2024, Sinclair was convicted of various drug and firearm offenses in the Delaware County Court of Common Pleas, and he was sentenced on April 10, 2024 to four to eight years of imprisonment, to be followed by a term of probation. *Commonwealth v. Sinclair*, No. CP-23-CR-0000025-2021 (C.P. Delaware).  On April 11, 2024, a  Notice of Appeal was filed on Sinclair's behalf, and the matter is currently awaiting decision by the Pennsylvania Superior Court.  (*Id.*)

In this case, Sinclair asserts claims pursuant to 42 U.S.C. § 1983 against the Common Pleas Court, a Delaware County prosecutor, Gina Gorbey, and a private attorney, Michael J. Malloy, who represented Sinclair in his criminal case and who withdrew from representation after trial and sentencing.[3]  (*See* ECF No. 1 ("Compl.") at 1-3); *see also Sinclair*, No. CP-23-CR-0000025-2021.  By checking the relevant locations on the form complaint that he used to prepare his pleading, Sinclair indicates that he is suing the Defendants in their official capacities.  (Compl. at 2-3.)  Sinclair avers that

---

[2] The factual allegations are taken from Sinclair's Complaint, which consists of a form complaint available to unrepresented prisoner litigants, and numerous handwritten pages, as well as  publicly available dockets of which this Court may take judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).  The Court has also considered Sinclair's "Exhibit" (ECF No. 5) and "Supplemental Complaint" (ECF No. 8) in determining whether he has stated a claim.  The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] In his Complaint, Sinclair identifies the Plaintiff in this matter as "Michael James Mark Sinclair, United States; Sinclair, Michael James Mark, A.R., Acting Principal-Officer, Executive Officer," and lists his prisoner identification number and address at SCI Phoenix. (Compl. at 2.)  The first Defendant named in this action is "Michael James Mark Sinclair, United States" with an address of 3121 Tasker Street in Philadelphia, Pennsylvania.  (*Id.*) The Court understands Sinclair to be including himself as a defendant in connection with sovereign citizen type legal theories, which lack any legal basis.  *See infra* n.5.

the dates of the events giving rise to his claims occurred on the date of his arrest, October 7, 2020, and the date of his sentencing, April 10, 2024. (*Id.* at 5.)

Sinclair claims his speedy trial rights were violated because he "was held unlawfully for almost 749 days, without trial," and that Attorney Malloy and ADA Gorbey "acted collectively using deceptive practices, misrepresenting a criminal case that was truly civil." (*Id.*) In a handwritten document attached to the form Complaint, Sinclair avers that he is the "acting Chief-executive Officer of the Commonwealth," and that he was never "informed by the ADA of any transaction taking place," and was not made aware of the charges against him or the "true intentions" of the Commonwealth and Malloy. (*Id.* at 14.) He contends that he did not consent to a bench trial, is currently incarcerated "under false pretenses," and "was wrongfully sentenced on the Day of the EID Celebration (Holy month of Ramadan)" despite informing the Court that he "could not take part in any business of any kind until after the Holy Month of Ramadan, meaning after April 10, 2024," the day upon which he was "unlawfully Detained and Sentenced." (*Id.*) Sinclair seeks release of his "naturale persons from jail" and monetary damages for "all hardship and unjust imprisonment." (*Id.* at 5.)

On November 27, 2024, Sinclair filed a Supplemental Complaint that repeats the allegations of his pleading. (*See* ECF No. 8 ("Supp. Compl.").) He reiterates that he has filed this action to address the deprivation of rights secured by the United States Constitution, the Pennsylvania Constitution,[4] the Articles of Confederation, the

---

[4] "Pennsylvania does not have a statutory equivalent to § 1983 and does not recognize a private right of action for damages stemming from alleged violation of the state constitution." *Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) (*per curiam*). As there is no private right of action for damages under the Pennsylvania Constitution, these claims are dismissed. *See Plouffe v. Cevallos*, 777 F. App'x 594, 601 (3d Cir. 2019) ("[N]or is there a private right of action for damages under the Pennsylvania Constitution"); *Pocono*

Universal Declaration of Human Rights, and the Treaty of Peace and Friendship.[5]  (*Id.* at 1.)  Sinclair reasserts that he is currently in custody as a result of an unlawful sentence, and he seeks, *inter alia*, immediate release from custody, the dismissal of all criminal charges, and monetary damages.  (*Id.* at 2, 5.)

## II

The Court will grant Sinclair leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[6] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations

---

*Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011) ("No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution.").

[5] To the extent Sinclair relies on Moorish or Sovereign theories to pursue relief in this case, his claims are frivolous.  *See United States v. Wunder*, No. 16-9452, 2019 WL 2928842, at *5 (D.N.J. July 8, 2019) (discussing the futility of the sovereign citizen verbiage in collection claim for student loan); *see also Ibrahim v. Att'y Gen.*, No. 21-1128, 2021 WL 3012660, at *2 (3d Cir. July 16, 2021) (describing argument based on Moorish heritage as "frivolous"); *Banks v. Florida*, No. 19-756, 2019 WL 7546620, at *1 (M.D. Fla. Dec. 17, 2019), *report and recommendation adopted*, 2020 WL 108983 (M.D. Fla. Jan. 9, 2020) (collecting cases and stating that legal theories espoused by sovereign citizens have been consistently rejected as "utterly frivolous, patently ludicrous, and a waste of . . . the court's time, which is being paid by hard-earned tax dollars").

[6] Because Sinclair is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

4

omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Sinclair is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

Sinclair has not stated a plausible § 1983 claim. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Jaffery v. Atl. Cnty. Prosecutor's Off.*, 695 F. App'x 38, 41-42 (3d Cir. 2017) (*per curiam*) ("[T]o the extent Jaffery seeks dismissal of the charges against him as a result of constitutional violations, such relief is only available through a writ of habeas corpus."). This means that "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence

5

— [the] challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

A corollary of this principle is that a § 1983 plaintiff may not recover "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487 (emphasis in original). In this context, "the favorable-termination requirement is a necessary element of the claim for relief under § 1983." *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021).

Sinclair seeks release from incarceration, dismissal of his criminal case, and damages for time he spent incarcerated pursuant to an allegedly false conviction procured in violation of the constitution. Since these claims challenge the very fact of Sinclair's convictions and related imprisonment, they are not cognizable in a § 1983 action. *See Long v. Atl. City Police Dep't*, 670 F.3d 436, 447 (3d Cir. 2012) (*Heck* barred

claim that "defendants conspired to obtain a capital murder conviction against [plaintiff]" including by committing perjury and fabricating evidence); *Humphries v. Houghton*, 442 F. App'x 626, 629 (3d Cir. 2011) (*per curiam*) ("Humphries' claims that defendants used perjury and false evidence to secure his federal conviction are not cognizable under Heck's favorable termination rule."). To the extent Sinclair seeks to challenge the constitutionality of his convictions and imprisonment in federal court, he must do so by filing a *habeas corpus* petition seeking this relief after exhausting state remedies. If Sinclair successfully invalidates his conviction, then and only then would any related damages claims be cognizable.

IV

For the foregoing reasons, the Court will grant Sinclair leave to proceed *in forma pauperis* and dismiss the Complaint and Supplemental Complaint without prejudice to Sinclair challenging his convictions in a *habeas* proceeding or filing a new civil rights complaint only in the event his convictions are reversed, vacated, or otherwise invalidated.[7] *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred

---

[7] In any event, claims against the Court of Common Pleas of Delaware County are barred because state courts are entitled to Eleventh Amendment immunity from suit and are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 235 n.1 & 241 (3d Cir. 2005) (state courts in Pennsylvania, including the Philadelphia Court of Common Pleas "family court division," share in the Commonwealth's Eleventh Amendment immunity). In addition, defense counsel is not subject to liability under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Further, prosecutors are immune from damages for claims against them in their individual capacities based on acts taken when prosecuting the Commonwealth's case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Official capacity claims, which are essentially claims against the District Attorney's Office, must be based on an official policy or custom to state a claim. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).

claims must be dismissed without prejudice).  Leave to amend will not be given at this time because amendment would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002).  An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**