IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL JAMES MARK SINCLAIR, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 24-CV-4417 |
| | : | |
| MICHAEL JAMES MARK SINCLAIR, | : | |
| UNITED STATES, *et al.*, | : | |
| *Defendants.* | : | |

## ORDER

AND NOW, this 8th day of January, 2025, upon consideration of Michael James Mark Sinclair's Motion to Proceed *In Forma Pauperis* (ECF No. 7), Prisoner Trust Fund Account Statement (ECF No. 9), *pro se* Complaint (ECF No. 1) and Supplemental Complaint (ECF No. 8), it is **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Michael James Mark Sinclair, #QQ-3303, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Superintendent of SCI Phoenix or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Sinclair's inmate account; or (b) the average monthly balance in Sinclair's inmate account for the six-month period immediately preceding the filing of this case. The Superintendent or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Sinclair's inmate trust fund account exceeds $10.00, the Superintendent or other

appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Sinclair's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is **DIRECTED** to send a copy of this Order to the Superintendent of SCI Phoenix.

4. The Complaint and Supplemental Complaint are **DEEMED** filed.

5. Sinclair's Complaint and Supplemental Complaint are **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The dismissal is without prejudice to Sinclair challenging his convictions and sentence by proceeding in a new case on a petition for writ of *habeas corpus* after exhausting state remedies, and without prejudice to Sinclair filing a new case seeking damages only in the event his underlying convictions are first reversed, vacated, or otherwise invalidated.

6. The Clerk of Court shall **CLOSE** this case.

                                          **BY THE COURT:**

                                          */s/ Gerald J. Pappert*
                                          **Gerald J. Pappert, J.**